Dorothy S. Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 1772-67.
United States Tax Court
T.C. Memo 1968-239; 1968 Tax Ct. Memo LEXIS 61; 27 T.C.M. (CCH) 1175; T.C.M. (RIA) 68239; October 15, 1968. Filed *61 Facts: Pursuant to a county court order petitioner received "the sum of thirty dollars ($30.00) each week for temporary alimony and allowance for child support." The order made no allocation of this sum between the two. Held: No part of the amounts received pursuant to this order constitute "child support" within the meaning of section 71(b), 1954 Internal Revenue Code, since the order failed to specify the amount of percentage of the payment which was for child support. Hence, these amounts constitute alimony and are therefore, includable in petitioner's gross income under section 71(a), 1954 Internal Revenue Code. Dorothy S. Thompson, pro se, Box 84, Center Rutland, Vt. Lawrence A. Wright, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in petitioner's income taxes for the taxable years 1964 and 1965 in the amounts of $259 and $252, respectively. The only issue for our decision is whether the amounts of $1,560 received in each of these 1176 years by petitioner are includable in petitioner's income as alimony or separate maintenance payments under section 71(a), [1] or are excludable as child support payments under section 71(b). Findings of Fact Dorothy S. Thompson (hereinafter petitioner) was a resident of Center Rutland, Vt., on the date she filed her petition in this proceeding. She timely filed indicidual income tax returns for the calendar years 1964 *63 and 1965 with the district director of internal revenue at Burlington, Vt. Petitioner was separated from her husband in September 1962. On September 5, 1963, the county court in Rutland entered an order entitled "ORDER RE TEMPORARY ALIMONY, ALLOWANCE FOR SUPPORT, CUSTODY OF CHILD, COUNSEL FEES & RESTRAINING ORDER." Paragraph II of this order provides as follows: The libelant shall pay to the libelee the sum of thirty dollars ($30.00) each week for temporary alimony and allowance for child support. The order made no allocation of this sum between alimony and child support nor did it provide any guidance as to how it should be allocated. Payments under this order were made until 1966 when the divorce became final and the payments were modified. During the taxable years 1964 and 1965, petitioner received $1,560 each year under the September 5, 1963, decree. Petitioner reported no part of these payments on her Federal income tax returns. Ultimate Finding of Fact The amounts petitioner received pursuant to the September 5, 1963, decree represent alimony and are not child support payments. Opinion Petitioner received $1,560 each year in 1964 and 1965 pursuant to a September 5, 1963, county *64 court order. While this order made an allowance for temporary alimony and child support, it made no allocation between the two. Petitioner contends that these payments were for child support and hence excludable from her income. Respondent on the other hand contends that these payments were alimony and hence includable in her income. We agree with respondent. Section 71 provides in pertinent part as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * * (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * Any doubt as to how the issue *65 in this case should be disposed of is resolved by the Supreme Court's decision in Commissioner v. Lester, 366 U.S. 299 (1961). The agreement in the Lester case had a provision which, like Paragraph II of the order in the case at bar, made no allocation between alimony and child support. In discussing the legislative history of section 22(k) of the Internal Revenue Code of 1939, the predecessor of section 71 of the 1954 Code, the Supreme Court in Lester stated (p. 303): As the Office of the Legislative Counsel reported to the Senate Committee: If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife * * *. If, however, that amount paid the wife includes the support of children, but no amount is specified for the support of the children, the entire amount goes into the income of the wife * * *. Ibid. (Italics supplied.) This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does *66 not 1177 say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. We cannot even glean from the record what "a sufficiently clear purpose" was as to this allocation. And, as Lester points out, even if we could find such a purpose, the petitioner herein could not prevail unless the order fixed the amount or the portion of the payment which was to go to the support of the child. This it did not do. As a basis for its holding, the Supreme Court in Lester said: One of the basic precepts of the income tax law is that "[the] income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." * * * Under the type of agreement here, the wife is free to spend the monies paid under the agreement as she sees fit. "The power to dispose of income is the equivalent of ownership of it." * * * Including *67 the entire payments in the wife's gross income under such circumstances, therefore, comports with the underlying philosophy of the Code. And, as we have frequently stated, the Code must be given "as great an internal symmetry and consistency as its words permit." * * * Thus, the law requires that the agreement "fix" the amount or percentage of each payment that is to be used as child support in order to exclude any such payments from the wife's gross income. While the entire amounts received by the petitioner herein may have been intended as child support and may also have been so used, we are bound by the Supreme Court to follow the mandate that Congress saw fit to impose. The payments petitioner received are, therefore, taxable as alimony. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩